GERALD MARSH *vs.* TOWN OF YARMOUTH & others.   May 20, 1980.   In this appeal we are asked to decide whether the judge erred in allowing the defendants' motion for summary judgment and in entering a judgment which declared that the defendants were not in violation of St. 1970, c. 267, which provides tenure for members of the police force of Yarmouth under certain conditions.   There was no error.

The plaintiff was appointed a permanent member of the police department of Yarmouth by its board of selectmen on or about April 1, 1966. He served continuously as a patrolman until January 3, 1977, when the chief of police of Yarmouth designated him acting sergeant.  He discharged all the duties assigned to him as acting sergeant and was paid the prevailing sergeant's wage until April 11, 1978, when the chief notified him of his reversion to the position of patrolman.  The plaintiff has not reached his sixty-fifth birthday.  Beyond dispute is the fact that the plaintiff's stewardship as acting sergeant was above reproach.

The plaintiff was never appointed a sergeant by the selectmen, who have the exclusive power of appointment under G. L. c. 41, § 97A, a statute which Yarmouth has accepted.  His designation as acting sergeant was made entirely by the chief of police under the grant of power to him in § 97A to assign police officers to particular duties.  The tenure provisions for superior police officers in Yarmouth set forth in c. 267 apply only to such officers who have served for three years as members of the department and have served one additional year in a position as a superior officer to which they have been appointed by the selectmen.  The selectmen played no part in the assignment of the plaintiff or in his appointment as acting sergeant.  Reliance by the plaintiff on cases construing tenure laws for teachers is misplaced because the statutory framework for the appointment and tenure of police officers in Yarmouth is different.

*Judgment affirmed.*

*David Jenkins* for the plaintiff.
*John P. Flynn* for the defendants.